Lin v. Holder

BIA
Balasquide, IJ
A099 026 744

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 12th day of April, two thousand eleven.

PRESENT:
> ROBERT A. KATZMANN,
> DEBRA ANN LIVINGSTON,
> RAYMOND J. LOHIER, JR.,
> > *Circuit Judges.*

_____

GUANG LI LIN,
> *Petitioner*,

> v.

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
> *Respondent*.

10-730-ag
NAC

_____

FOR PETITIONER:  Richard Tarzia, Belle Mead, N.J.

FOR RESPONDENT:  Tony West, Assistant Attorney General; Richard M. Evans, Assistant Director; Margaret A. O'Donnell, Trial Attorney, Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a decision of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Petitioner Guang Li Lin, a native and citizen of the People's Republic of China, seeks review of a February 4, 2010 order of the BIA affirming the January 3, 2008 decision of Immigration Judge ("IJ") Javier Balasquide, denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Guang Li Lin*, No. A099 026 744 (B.I.A. Feb. 4, 2010), *aff'g* No. A099 026 744 (Immig. Ct. N.Y. City Jan. 3, 2008). We assume the parties' familiarity with the underlying facts and procedural history of the case.

Under the circumstances of this case, we have reviewed both the BIA's and IJ's decisions. *See Yun-Zui Guan v. Gonzales*, 432 F.3d 391, 394 (2d Cir. 2005). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B); *see also Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 165-66 (2d Cir. 2008); *Salimatou Bah v. Mukasey*, 529 F.3d 99, 110 (2d Cir. 2008).

Substantial evidence supports the IJ's adverse

credibility determination.  The IJ found that, although Lin testified that he was arrested when family planning officials came to take his wife to be forcibly sterilized, this detail was omitted from his asylum application, the letter from his wife, his brother's affidavit, and his sister-in-law's affidavit.  Because the agency was entitled to rely on any discrepancy in finding Lin not credible, the IJ properly relied on Lin's inconsistent testimony.  *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *see also Xiu Xia Lin*, 534 F.3d at 166-67 n.3 (noting that inconsistencies and omissions are "functionally equivalent").  Additionally, contrary to Lin's contention, no reasonable fact-finder would be compelled to credit his explanation that he omitted those details because they were not material to his claim at the time he filed his application or submitted the documents.  *See Majidi v. Gonzales*, 430 F.3d 77, 80-81 (2d Cir. 2005) (holding that the agency need not credit an applicant's explanations for inconsistent testimony unless those explanations would compel a reasonable fact-finder to do so).

In finding Lin not credible, the IJ also reasonably relied on Lin's admission that he had previously provided false testimony to an immigration officer at both his

3

airport and credible fear interviews.  *See Siewe v. Gonzales*, 480 F.3d 160, 170 (2d Cir. 2007) (holding that in certain circumstances "a single false document or a single instance of false testimony may (if attributable to the petitioner) infect the balance of the alien's uncorroborated or unauthenticated evidence").

Accordingly, under the totality of the circumstances, the IJ's credibility determination was supported by substantial evidence.  *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007). Because the IJ reasonably concluded that Lin was not credible as to his claim of past persecution or a well-founded fear of future persecution, the adverse credibility determination in this case necessarily precludes success on his claims for asylum and withholding of removal, as both claims were based on the same factual predicate.  *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006).  Lin does not challenge the denial of CAT relief.

For the foregoing reasons, the petition for review is DENIED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk